## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | |
| | * | Crim. No. 16-022 PJM |
| STACY LABANIEL CEPHAS, | * | |
| | * | |
| Defendant. | * | |

### MEMORANDUM OPINION

On November 12, 2002, Stacy Labaniel Cephas pleaded guilty in the United States District Court for the Eastern District of Virginia to one count of conspiracy to distribute and possess with intent to distribute cocaine, cocaine base (i.e. "crack" cocaine), and heroin, in violation of 21 U.S.C. § 846. *See United States v. Stacy Labaniel Cephas*, Crim. No. RBS-02-0061 (E.D. Va.), ECF No. 11. On February 7, 2003, he was sentenced to 292 months of imprisonment followed by five years of supervised release. Crim. No. RBS-02-0061, ECF No. 15. Subsequently, on September 12, 2006, the Virginia court reduced his term of imprisonment to 181 months. Crim. No. RBS-02-0061, ECF No. 17.

After Cephas completed his sentence, he began his five-year term of supervised release. On January 11, 2016, jurisdiction of his supervised release was transferred to this Court. ECF No. 1.

Then, on August 14, 2019, Cephas was charged in the Eastern District of Virginia with multiple offenses for his participation in yet another drug trafficking conspiracy. *See United States v. Stacy Labaniel Cephas*, Crim. No. DJN-19-0047 (E.D. Va.). He pleaded guilty to conspiracy to distribution and possession with intent to distribute five or more kilograms of cocaine, in violation of 21 U.S.C. § 846, and was sentenced to 180 months of imprisonment followed by ten years of

1

supervised release. Crim. No. DJN-19-0047, ECF Nos. 1052, 1053, 1330. As a result of that case, this Court in Maryland held a revocation hearing with respect to Cephas's supervised release, revoked it, and sentenced Cephas to 37 months of imprisonment to run consecutively to the term of imprisonment imposed in the Eastern District of Virginia. ECF No. 32. Cephas is currently serving his sentence at FCI Loretto in Loretto, Pennsylvania.

On April 14, 2021, Cephas filed the present *pro se* motion for imposition of a reduced sentence pursuant to Section 404 of the First Step Act. ECF No. 36 ("Motion"). The same day, the Office of the Clerk of this Court sent a letter to Cephas, informing him that his Motion had been received and that the Office of the Federal Public Defender for the District of Maryland would review his case. ECF No. 37. On January 25, 2022, the Office of Federal Public Defender in Maryland declined to represent Cephas. ECF No. 38. The Court then directed the Government to respond to Cephas's Motion, ECF No. 39, and on March 4, 2022, the Government filed a response in opposition, ECF No. 42. No hearing is necessary to resolve the Motion. For the reasons that follow, Cephas's Motion is **DENIED**.

**I.**

Ordinarily, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see United States v. Chambers*, 956 F.3d 667, 671 (4th Cir. 2020); *United States v. Jackson*, 952 F.3d 492, 495 (4th Cir. 2020); *United States v. Martin*, 916 F.3d 389, 395 (4th Cir. 2019). But "the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 564 U.S. 522, 526, 131 S.Ct. 2685, 180 L.Ed.2d 519 (2011). One such exception is when the modification is "expressly permitted by statute." 18 U.S.C. § 3582(c)(1)(B); *see Jackson*, 952 F.3d at 495.

In 2018, Congress enacted the First Step Act, which modified prior sentencing law, expanded vocational training, and set forth other initiatives designed to reduce recidivism. *See United States v. Venable*, 943 F.3d 187, 188 (4th Cir. 2019). In relevant part, Section 404 of the First Step Act makes retroactive certain provisions of the Fair Sentencing Act of 2010, Pub. L. No. 111-120, 124 Stat. 2372 (2010). *Jackson*, 952 F.3d at 495. Specifically, Section 2 of the Fair Sentencing Act modified the drug quantities required to trigger mandatory minimum sentences for cocaine base ("crack cocaine") trafficking offenses, increasing the amount required to trigger the five-year mandatory minimum from 5 grams to 28 grams and increasing the amount required to trigger the ten-year mandatory minimum from 50 grams to 280 grams. *See United States v. Wirsing*, 943 F.3d 175, 179 (4th Cir. 2019) (citing Fair Sentencing Act, § 2, 124 Stat. at 2372).

Through Section 404, Congress expressly authorized the modification of a previously imposed sentence for defendants affected by these statutory changes to the penalty ranges for crack cocaine offenses. *Jackson* at 495 ("The First Step Act provides that "[a] court that imposed a sentence for a covered offense may ... impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 ... were in effect at the time the covered offense was committed.") (citing §404(b), 132 Stat. at 5222).

## II.

### A.

Because jurisdiction over Cephas's supervised release was transferred to this District, the Court finds it has jurisdiction to decide this motion. *See United States v. El Herman*, 19-2920, 2020 WL 4873246, at *3 (8th Cir. Aug. 20, 2020) (where jurisdiction over supervised release of defendant was transferred, "transferee court ... was the district court with jurisdiction to consider [defendant's] motion to reduce sentence under the First Step Act" because 18 U.S.C. § 3605 allows

a "transferee court to take full jurisdiction from the transferor court and to exercise all powers specified in the statute") (internal citations and quotation marks omitted).

In his 2002 federal case in the Eastern District of Virginia, Crim. No. RBS-02-0061, Cephas was convicted of an offense involving 50 grams or more of crack cocaine, in violation of 21 U.S.C. § 841(b)(1)(A)(iii). As discussed, Section 2 of the First Step Act increased the minimum quantity of crack cocaine required to trigger the ten-year mandatory statutory penalties. *See United States v. Wirsing*, 943 F.3d 175, 179 (4th Cir. 2019) (citing Fair Sentencing Act, § 2, 124 Stat. at 2372). Because Section 2 increased the quantity from 50 grams to 280 grams, and Cephas was convicted of an offense involving 50 grams or more, he was convicted of an offense covered by the First Step Act. *See Jackson*, 952 F.3d at 496.

However, Cephas is not in the typical situation of someone still serving a sentence for a covered offense; he is instead serving a sentence arising from revocation of his conditions supervised release. He appears to ask the Court to apply the First Step Act to reduce the sentence that was imposed in in RBS-02-0061, so that the Bureau of Prisons will credit the time he "overserved" on that sentence against the 37-month sentence this Court imposed for the revocation of supervised release.

A term of supervised release, the revocation of that term, and any additional term of imprisonment imposed for violating the terms of supervised release are all part of a defendant's original sentence. *United States v. Venable*, 943 F.3d 187, 193–94 (4th Cir. 2019) (internal citations and quotation marks omitted). Thus, a district court has the authority to resentence a defendant serving a term of imprisonment for revocation of supervised release where the defendant's underlying conviction was for an offense covered by Section 404. *Id.* at 194. Accordingly, because Cephas's underlying conviction is a "covered offense" under the First Step

4

Act, and he is serving a revocation sentence related to that offense, he is eligible for relief under the First Step Act. The Court now considers whether relief is warranted.

**B.**

"First Step Act resentencing decisions require the district court to determine whether and to what extent it should impose a *new* sentence under this retroactive statutory range." *Id.* (emphasis in original). Although the district court enjoys discretion in determining whether a new sentence should be imposed, it must consider the statutory sentencing range, the applicable sentencing guidelines range, and the relevant sentencing factors set forth in 18 U.S.C. § 3553(a). *See United States v. Chambers*, 956 F.3d 667, 671–75 (4th Cir. 2020).

Cephas's original statutory sentencing range was ten years to life. Under the Fair Sentencing Act, the statutory sentencing range would be 5–40 years of imprisonment. In RBS-02-0061, the district court determined that Cephas was accountable for at least 1.36 kilograms of heroin, 42.29 kilograms of cocaine base, and 172 kilograms of cocaine during the course of the drug trafficking conspiracy. Based on those quantities, Cephas would have a base offense level of 38 under the current sentencing guidelines. U.S.S.G., § 2D.1.1. As the Government points out, even in the absence of enhancements and even with a downward adjustment for acceptance of responsibility, Cephas's guidelines range for his drug trafficking offense would be 235–293 months of imprisonment. ECF No. 42 at 9–10. Cephas's 2003 sentence of 292 months, even before the sentence was reduced to 181 months in 2006, was within this range.

Even if Cephas's statutory and guidelines ranges warranted relief, the Court finds that after consideration of the factors set forth in 18 U.S.C. § 3553(a) reduction is not warranted. A sentence must reflect the seriousness of the offense, promote respect for the law, provide just punishment

for the offense, afford adequate deterrence to criminal conduct, and protect the public from further crimes. 18 U.S.C. § 3553(a)(2).

Prior to the offense in RBS-02-0061, Cephas was convicted of multiple misdemeanors and one felony conviction for conspiracy to illegally acquire firearms. In addition, the offense conduct in RBS-02-0061 was serious. Seemingly undeterred by his previous misdemeanor and felony convictions, Cephas, along with multiple co-conspirators, trafficked a large amount of drugs for a decade. *See* ECF No. 44. The record shows that Cephas played different roles in the enterprise by supplying, organizing, managing, packaging, and distributing cocaine, crack cocaine, and heroin, as well as carrying currency obtained through these unlawful activities. *Id.* Indeed, Cephas traveled out of state on multiple occasions to obtain drugs to bring to Virginia to distribute. *Id.* In addition, he was found to have carried firearms, including a semi-automatic assault rifle, in furtherance of the conspiracy. *Id.* Due to Cephas's criminal history, the seriousness of his offense, and the need to afford adequate deterrence to criminal conduct, the Court finds a reduction is not warranted in this case.

## C.

Finally, even if the Court determined that relief were appropriate, it would still deny Cephas's request to apply any excess or "banked" time to the present revocation sentence. Although supervised release is intended to fulfill "rehabilitative ends, distinct from those served by incarceration," *United States v. Johnson*, 529 U.S. 53, 59–60 (2000), the court may consider a defendant's ability to bank time against a revocation sentence when ruling on a motion for a sentence reduction. *United States v. Jackson*, 952 F.3d at 501–02. As the Fourth Circuit has recognized, "the threat of consequences for violating the terms of a defendant's supervision is

important to the rehabilitative purposes of supervised release, including assisting the defendant in learning to become a law-abiding member of the community." *Jackson* at 501.

Given that Cephas's violation of supervision was based on another drug trafficking conviction, the rehabilitative objectives of supervised release altogether would be ignored if he were simply allowed to bank any excess prison time to offset the term of supervised release imposed in this case. The Court cannot agree to this.

### III.

For the foregoing reasons, Cephas's Motion for a Sentence Reduction, ECF No. 36, is **DENIED**.

A separate Order will **ISSUE**.

Date: ___May 31___, 2022

_____
**PETER J. MESSITTE**
**UNITED STATES DISTRICT JUDGE**